UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JETSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF LOS ANGELES COUNTY, et al.,<br><br>　　　　Respondents. | Case No. 2:21-cv-04904-MCS-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MIXED AND UNDER *YOUNGER V. HARRIS* |

## I.

## BACKGROUND

In June 2021, the Court received from Timothy Jetson ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) In 2018, Petitioner pled nolo contendere to possession of a firearm by a felon, and a jury convicted him of voluntary manslaughter related to the same crime. (Id. at 2); see also People v. Jetson, No. B292229, 2020 WL 4251334 (Cal. Ct. App. July 24, 2020).

Petitioner appealed, apparently raising the following claims: (1) insufficient evidence supported his conviction for voluntary manslaughter; (2) the trial court abused its discretion in denying Petitioner's continuance request; (3) the trial

1

court's evidentiary rulings violated Petitioner's constitutional rights; (4) the prosecutor misstated the law of self-defense; (5) Petitioner's sentence and enhancements were unconstitutional; and (6) the trial court erred in denying Petitioner's petition for juror information. See Jetson, No. B292229, 2020 WL 4251334. In July 2020, the California Court of Appeal affirmed the conviction but vacated two enhancements, remanding for a new trial on the prior serious felony conviction and, if found true, resentencing. See id. at *29. In October 2020, the California Supreme Court denied his petition for review. See https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search for Case No. B292229). The status of Petitioner's case on remand to the trial court is unclear; the online docket shows that the last event was on February 24, 2021. See http://www.lacourt.org/criminalcasesummary/ui/Selection.aspx (search for Case No. KA106873).

In his federal Petition, Petitioner raises the following grounds: (1) the trial court erroneously excluded evidence of another gang member's prior convictions and that he absconded from parole; (2) the trial court erroneously excluded most of Petitioner's interview with police; (3) a felon may legally possess and use a firearm in self-defense; (4) the trial court abused its discretion when it denied Petitioner's motion to disclose juror identifying information; (5) the prosecutor misstated the law on self-defense; (6) the trial court erred by admitting evidence of Petitioner's gang membership; and (7) the trial court erred in excluding a gang member's statement to Petitioner's private investigator. (Petition at 3-5.) Based on the California Court of Appeal's decision on direct appeal, Petitioner raised all of these grounds on direct appeal except for the third.

/ / /
/ / /
/ / /
/ / /

## II.

## DISCUSSION

**A.** **The Petition Includes an Unexhausted Ground, Making It Subject to Dismissal.**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). Exhaustion can be accomplished by presenting a claim to the California Supreme Court either through the initial direct appeal, an appeal following a remand, or state habeas proceedings; regardless of the type of proceedings used to accomplish exhaustion, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Here, because Petitioner has apparently not presented all his claims to the California Supreme Court, the Petition is subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not

exhausted available state remedies as to any of his federal claims").

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The Ninth Circuit has held that a district court also "has the discretion to stay and hold in abeyance fully unexhausted petitions" under Rhines. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." 554 U.S. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.

It is unclear whether Petitioner can meet the Rhines requirements. In any event, he has neither requested a stay nor made the three necessary showings under Rhines. In light of Mena, however, the Court will give Petitioner an opportunity to move for a Rhines stay, if he wishes to do so.

If Petitioner does move for a Rhines stay, his motion should set out facts explaining why he meets the three prongs—specifically, that he had good cause for failing to exhaust this claim earlier, that his claim is not plainly meritless, and he did not intentionally delay bringing this claim. Petitioner should focus in particular on the first two prongs. For example, the Court notes that his unexhausted claim could be deemed "plainly meritless." He pleaded "no contest" to the "felon in

possession" charge. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir. 1992) (principle applies equally to defendants who plead no contest).

Petitioner's claim may be "plainly meritless" for another reason. In limited circumstances California law permits felons to use firearms in self-defense, but only where the felon "reasonably believes himself" to be in imminent peril of great bodily harm. See People v. King, 22 Cal. 3d 12, 24 (1978). In Petitioner's case, however, the jury found that his belief was objectively unreasonable. See Jetson, No. B292229, 2020 WL 4251334, at *5 ("By acquitting Jetson of murder, the jury found Jetson subjectively believed he was in danger of imminent harm, but by convicting him of voluntary manslaughter, the jury found that belief objectively unreasonable."). Petitioner does not challenge this finding in the Petition. Thus, the Court is hard-pressed to see how Petitioner could show any prejudice from any error, because the jury would not have concluded that Petitioner was a felon who reasonably believed himself to be in imminent peril of great bodily harm. See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (holding that to obtain habeas relief, petitioner must generally show that error had substantial and injurious effect or influence in determining the jury's verdict).

Nonetheless, if Petitioner is intent on requesting a stay to pursue his unexhausted claim, then he should exhaust his state remedies as soon as possible and does not need to wait for the Court to rule on that stay motion.

The Court also notes that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Generally, this one-year period runes from the date a criminal

judgment becomes final. It is unclear whether Petitioner's criminal proceedings are in fact final. If Petitioner is represented by counsel in any current criminal proceeding, he can ask his counsel whether proceedings are ongoing, whether a direct appeal is likely to occur, and when the criminal judgment will become final.

**B.     Younger Abstention May Be Appropriate.**

Petitioner's criminal case may still be pending before the state courts, meaning that this Court should consider whether to dismiss the Petition without prejudice pursuant to the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

<u>Younger</u> espouses "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." <u>Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982). <u>Younger</u> abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See <u>id.</u> at 432. A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that <u>Younger</u> disapproves." <u>SJSVCCPAC v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

<u>Younger</u> abstention may be appropriate here. First, state proceedings appear to be ongoing. Second, the state criminal proceedings implicate important state interests in administering its criminal justice system. See <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." (citing <u>Younger</u>, 401 U.S. at 44-45)). Third, there are no allegations in the Petition to suggest Petitioner does not have an adequate opportunity to raise constitutional

issues in the state judicial system. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (to determine whether state proceedings meet the third Younger criterion, "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"). Fourth, the practical effect of granting habeas relief in this action might interfere with the ongoing state court proceedings[1] in that it would imply the invalidity of the conviction and require this Court to make findings about whether the underlying conviction violated Petitioner's constitutional rights. Finally, Petitioner has not alleged any other type of special circumstance that would warrant federal intervention.

## III.
## CONCLUSION

IT THEREFORE IS ORDERED that within twenty-eight (28) days of the date of this Order, Petitioner must show cause why the instant federal Petition should not be dismissed as mixed and under Younger.

In response to this Order to Show Cause, Petitioner must complete and mail back to the Court the enclosed "Notice of Election" form, which sets out his three options.[2] Those options are: (1) voluntarily dismiss his third ground (the "felon in possession" claim) and proceed on the remaining claims, in which case the Court will likely order service of the Petition on Respondent; (2) request a Rhines stay; or (3) explain why the Court is incorrect to conclude that his "felon in possession" claim is unexhausted. Petitioner should also fill out the portion of the Notice of Election form regarding the status of his state criminal proceedings.

//
//

---

[1] Again, the Court is not presently aware of the status of his state criminal proceedings. It is unclear how and whether the Court's Younger analysis would change based on this status and if Petitioner dismisses his unexhausted claim.

[2] If Petitioner is represented by counsel in his criminal proceedings, he may wish to show this order to show cause to his counsel.

7

**Petitioner is expressly warned that his failure to timely comply with this order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**

DATED: June 23, 2021                     /s/ Karen E. Scott
                                         KAREN E. SCOTT
                                         UNITED STATES MAGISTRATE JUDGE